### 39876. HAMBY v. HAMBY.

DECIDED JANUARY 24, 1963.

256

*J. Paxson Amis, James Maddox,* for plaintiff in error.

*Pittman & Kinney, H. E. Kinney, Charles Pannell,* contra.

NICHOLS, Presiding Judge. The motion for summary judgment was based on the pleadings and the evidence adduced on the prior trials, the judgments of this court and the affidavit of counsel for the defendant that the evidence on another trial would be no different from that adduced on the first two trials. On the hearing of the motion for summary judgment no showing was made that any additional or different evidence would be adduced on a third trial and the motion was not, according to the record, controverted in any manner.

In support of his position, that the trial court erred in granting the summary judgment, the plaintiff contends that the second appearance of the case before this court (on demurrer), established the law of the case and that if he proved his case as laid a verdict for him would be authorized, and that a comparison of the petition as amended and the testimony of the parties would demand a finding that every material allegation of the petition was proved. The plaintiff further contends that the ruling on the third appearance of the case before this court, where it was held that the evidence on the second trial did not authorize a verdict for the plaintiff, is not the law of the case because the court did not then follow the law of the case as

established on the second appearance when the petition was held to be good as against general demurrer. The same contentions were made on the third appearance of the case before the court (103 Ga. App. 826, 833) and it was there pointed out why such contentions were not meritorious, and such holding also became the law of the case.

Under the record in the case the defendant was entitled to a summary judgment, for there was no genuine issue of fact remaining in the case after each side had an opportunity to present his case, and as shown above the plaintiff was not entitled to recover. See *Studstill v. Aetna Cas. &c. Co.*, 101 Ga. App. 766 (115 SE2d 374); *Scales v. Peevy*, 103 Ga. App. 42 (118 SE2d 193).

*Judgment affirmed. Frankum and Jordan, JJ., concur.*