### 44946. BROWN et al. v. BROWN.

EVANS, Judge. This is an appeal from the denial of a motion for summary judgment with a certificate of the trial court authorizing an immediate review. The evidence submitted was as follows: The appellee, who was the former husband and father, respectively, of the appellants, had deeded certain property to them some years before, but continued to live on the property and had constructed a service station on it. The husband and wife were later divorced, and their two children had reached their majority when the wife took out a dispossessory warrant against the appellee, which was later amended to name the two sons as parties thereto. The appellee filed a counter-affidavit, denying that he was holding as tenant, claiming misjoinder of parties-plaintiff, and by amendment claimed a parol license from the plaintiffs, which had "ripened into a valid easement" due to the large sums of money spent by him on the property. Pending a hearing on the dispossessory action, the appellee filed an equitable suit seeking to set aside the deed of conveyance by him to his former wife and children. A general demurrer to this action was sustained, and there was no appeal thereafter. A trial of the dispossessory proceedings was held before a jury which returned a verdict for the plaintiffs. A new trial was granted on the general grounds, and the case was pending when the motion for summary judgment was filed, setting out all of the above, including a transcript of the evidence on the trial, a copy of the equitable petition, and records in the court below, including an affidavit of counsel that the exhibits are

correct copies of the pleadings and transcript. One of the appellants, by affidavit, stated under oath that "to the best of her knowledge and belief the evidence on another trial would be no different in any material respect than that produced on the first trial of said case." The appellee filed no evidence in the case. *Held:*

1. Where a husband conveys his property to his wife, with no understanding or agreement that he was in any event to have an interest in the title, the transaction amounts to a gift, and as between them the property became "absolutely her separate estate"; and if he remains in possession, he is, at law, a tenant at sufferance of his wife. *Kimbrough v. Kimbrough,* 99 Ga. 134 (25 SE 176) ; *Langan v. Langan,* 224 Ga. 399 (162 SE2d 405) ; *Williams v. Thomas,* 200 Ga. 767, 773 (38 SE2d 603). Where, as here, a husband conveys real property to his wife and two minor children, the transaction amounts to a valid conveyance between the parties, and if he remains in possession, he becomes a tenant at sufferance of the grantees. There were no claims of a resulting trust, but if there had been such averments, they would have had to be made in the equitable action dismissed on general demurrer.

2. Whether or not a dispossessory warrant might be amended under the old practice and procedure before the Civil Practice Act of 1966, as amended, the amendment here was allowed subject to objection, which was not made, and the view we take of the case is that under *Code Ann.* § 81A-181 (Ga. L. 1966, pp. 609, 668; 1967, pp. 226, 241; 1968, pp. 1104, 1109) no question of parties is involved, and the appellants are all properly before the lower court in an action to dispossess their tenant at sufferance.

3. Under the pleadings and evidence considered on this motion for summary judgment, in which no showing was made that any additional or different evidence would be adduced on another trial, and it appearing that no proper defense to the dispossessory warrant had been made, no affirmative equitable relief was sought, and, further, any equitable defenses that the appellee might have had been foreclosed by reason of the dismissal of his equitable petition in the lower courts, the evidence here demands a judgment that no genuine issue exists. The appellants are entitled to a judgment dispossessing their "tenant at sufferance." The lower court erred in failing to grant the summary judgment. See *Studstill v. Aetna Cas.*

&c. Co., 101 Ga. App. 766 (115 SE2d 374); *Hamby v. Hamby,* 107 Ga. App. 255 (129 SE2d 561).

Judgment reversed. *Hall, P. J., and Deen, J., concur.*

SUBMITTED JANUARY 12, 1970—DECIDED JANUARY 30, 1970.

*Pittman & Kinney, H. E. Kinney,* for appellants.
*Harbin M. King, Harold S. Deaton,* for appellee.