### 45654. GOLDSMITH v. AMERICAN FOOD SERVICES, INC.

BELL, Chief Judge. On a prior appearance of this case, we reversed the lower court's order overruling plaintiff's motion for new trial on the general grounds. *American Food Services v. Goldsmith,* 121 Ga. App. 686 (175 SE2d 57). After receipt of the remittitur, the trial court remanded the case to the trial calendar. Defendant then amended his answer by alleging that the franchise agreement out of which this litigation arose was a security within the meaning of the Georgia Securities Act, as amended, Ga. L. 1957, pp. 134, 135 (*Code Ann.* § 97-102 (i)). In addition, he filed a second counterclaim on the same grounds. The trial court granted plaintiff's motions for summary judgment on its complaint and on the defendant's second counterclaim.

1. Plaintiff's motions for summary judgment were based upon the pleadings, the evidence adduced at the prior trial and our previous decision reversing the lower court. Defendant initially argues that the plaintiff is not entitled to a summary judgment when no new evidence has been introduced into the case subsequent to the reversal by this court and that the trial court could not consider on summary judgment the evidence and testimony adduced at the first trial. The mere fact that we reversed the order overruling the motion for new trial does not in

and of itself require that a new trial be had. A plaintiff may move for summary judgment "*at any time*" after the expiration of 30 days from the commencement of the action. *Code Ann.* § 81A-156 (a). The evidence adduced at a former trial and the judgment of the appellate court may be relied upon by the movant as well as the pleadings and other forms of evidence specifically mentioned in Section 56 of the Civil Practice Act. *Code Ann.* § 81A-156 (c); *Hamby v. Hamby*, 107 Ga. App. 255 (129 SE2d 561); *Bodrey v. Cape*, 120 Ga. App. 859 (172 SE2d 643). There is no merit in this contention.

2. (a) In our prior decision, Presiding Judge Jordan stated "It is clear from the pleadings and evidence that *no dispute exists* in regard to the execution of the note, a balance due of $2,500 thereunder, and further that the defendant owes the plaintiff the rent due under the franchise agreement, plus the amount of the utility bills, unless the evidence authorizes a finding for the defendant based on his claim of fraud in the inducement and fraud and deceit." The court held that the evidence was insufficient to authorize a judgment for the defendant as it did not support his defense or his counterclaim for damages on account of fraud in the inducement and fraud and deceit. Reversal rested solely on this basis. After remand, plaintiff moved for summary judgment. Once the motion is supported by evidentiary matter showing a prima facie right in the movant to have judgment rendered in its favor, the duty is placed upon the opposing party to show the existence of a genuine issue of fact. *Scales v. Peevy*, 103 Ga. App. 42, 47 (118 SE2d 193). Plaintiff here in support of his motion relied upon the pleadings, the evidence at the prior trial and our holding on the earlier appeal. Insofar as the defendant's defense based on fraud which we held to be insufficient as a matter of law, the defendant did nothing. Thus on this issue of fraud summary judgment for plaintiff would be demanded. See *Hamby v. Hamby*, 107 Ga. App. 255, supra.

(b) However, defendant did interject a new defense and counterclaim when he amended his answer by alleging that the franchise agreement was a security within the meaning of the Georgia Securities Act in that the franchise agreement was an

"investment contract" and/or "a beneficial interest in title to property, profits or earnings"; that the franchise agreement was not registered by plaintiff as required by the Securities Act, which failure permits the defendant to avoid the agreement, which he elected to do. Ga. L. 1957, pp. 134, 135, 138, 161 (*Code Ann.* §§ 97-102 (i), 97-104, 97-114). This raises the question as to whether the instant franchise agreement is such a security. The only matters appearing in the record containing anything relevant on the question are the franchise agreement which is appended to plaintiff's complaint and some of the testimony adduced at the prior trial. The defendant did not respond to this issue by affidavit, deposition, interrogatories or otherwise. See Section 56 (e) of the Civil Practice Act (*Code Ann.* § 81A-156 (e)). While defendant, after filing his amended pleadings, submitted certain interrogatories to which plaintiff filed objections, no ruling of the lower court was ever invoked on these objections. Thus, any argument presented in the brief that error was committed by the failure of the trial court to require the answering of these interrogatories will not be considered. *Slaughter v. Linder,* 122 Ga. App. 144, 148 (176 SE2d 450).

(c) There is no dispute as to the terms of the franchise agreement. As previously noted, defendant alleged that the franchise agreement is an "investment contract" and/or "a beneficial interest in title to property, profits, or earnings," terms which are included within the definition of a security under the Georgia Securities Act. These terms are not further defined in the Act. Nothing is shown by the franchise agreement or by any evidence that the agreement would constitute a beneficial interest in title to the property, profits, or earnings of the plaintiff franchisor. Therefore, it is not a security on this basis. If this agreement is a security, it becomes so only from the conclusion that it is an investment contract. The Supreme Court in *Ga. Market Centers v. Fortson,* 225 Ga. 854 (171 SE2d 620), adopted a test to determine whether a contract is an investment contract and thus a security. The test is as follows: An investment contract is a security if the scheme involves an investment of money in a common enterprise with profits to come solely from

the efforts of others. With this test in mind we examine the franchise agreement and other relevant matters in the record which granted the franchisee (the defendant) a license to *operate* a restaurant and to use plaintiff's trademark or tradename of "Mr. Drumstick," in consideration of a stipulated monthly royalty. The plaintiff granted the defendant a lease in a building with equipment and was required to furnish defendant services in the way of training of *defendant's employees* in the *operation* of the restaurant plus certain supplies. Defendant testified at the former trial that he spent approximately eight hours a day of his time on the restaurant premises in an effort to make the venture an economic success. It is clear from the contract itself and his own testimony that the defendant was to be an active independent operator of the franchise and that any profits were to emanate from his own efforts. This is more than a mere token participation. See *Ga. Market Centers v. Fortson,* 225 Ga. 854, 858, supra. Thus, applying the formula adopted by the Supreme Court to the undisputed facts, the conclusion is inescapable that the franchise agreement is not a security within the definition of the Securities Act.

The judgment granting plaintiff's motions for summary judgment is

*Affirmed. Quillian and Whitman, JJ., concur.*

ARGUED SEPTEMBER 9, 1970—DECIDED FEBRUARY 19, 1971.

*Birnbrey, Kresses, Gold & Winston, Ronald N. Winston,* for appellant.

*Poole, Pearce & Cooper, Walter G. Cooper,* for appellee.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Courtney Wilder Stanton, Assistant Attorneys General,* amicus curiae.