### 47869. BROWN v. COMPUTER CREDIT SYSTEM, INC.

EBERHARDT, Presiding Judge. On September 2, 1969 Carlton Brown and Computer Credit Systems, Inc. (hereafter "Company") entered into a "Master Franchise Agreement" pursuant to which Brown paid $10,000 to the company for a "Master Franchise" to sell memberships in the company's computerized credit card business. Under the terms of the agreement, Brown acquired the right to sell the services offered by the company to merchants in a territory assigned exclusively to Brown. After the service had been sold to the merchant, the company and the merchant were to deal directly with each other, and Brown was to be compensated by receiving 50% of the membership fee initially paid by the merchant to the company, plus 1% of all charge volume paid by the company to member merchants in Brown's territory, plus $4 of the monthly bookkeeping charge collected from them.

Brown, under the provisions of Ga. L. 1957, pp. 134, 161 (Code Ann. § 97-114), brought the present action for recovery of the $10,000 paid to the company, alleging that the "Master Franchise" was a "security" subject to the provisions of the Securities Act (Ga. L. 1957, p. 134 et seq., as amended; Code Ann. § 97-101 et seq.) and that it had not been registered and was not exempt under the exempting provisions of the Act (Ga. L. 1957, pp. 134, 149 as amended; Code Ann. § 97-106)). A second count alleged fraud on the company's part and sought rescission of the agreement. The trial court, sitting without a jury, rendered final judgment for the

company, and Brown appeals, raising the sole question of whether the agreement is a "security" subject to the provisions of the Securities Act. *Held:*

In *Ga. Market Centers, Inc. v. Fortson,* 225 Ga. 854 (171 SE2d 620), the Supreme Court held that a similar agreement was not a security within the ambit of the Securities Act (Ga. L. 1957, pp. 134, 136; Code Ann. § 97-102 (i)).[1] The test adopted there, taken from Securities & Exchange Commn. v. W. J. Howey Co., 328 U. S. 293 (4) (66 SC 1100, 90 LE 1244, 163 ALR 1043), is that an "investment contract," a term included within the definition of a security under the Securities Act (Code Ann. § 97-102 (i)), is a security if the scheme involves an investment of money in a common enterprise with profits to come solely from the efforts of others, provided that the person investing capital supplies no more than token participation. There, however, as here, the investor is entitled to no return under the agreement except through his own efforts. In the instant case the agreement provides that the only way for Brown to realize profits is to sell the company's services within his territory, and that he has no right to participate in the company's profits or losses except to the extent of profits derived from business produced by his sales activities. He may, of course, procure the assistance of others in selling the service to merchants. Hence, under the test laid down in the *Market Centers* case, supra, and followed by this court in *Goldsmith v. American Food Service, Inc.,* 123 Ga. App. 353 (2c) (181 SE2d 95), we hold that the "Master Franchise Agreement" involved here is not a "security" within the meaning of the Securities Act.

---

[1]That case, as the instant one, concerns itself with the definition of a "security" as contained in the Act prior to Ga. L. 1970, p. 450 (Code Ann. § 97-102 (i)).

It is urged that the test set forth by the United States Supreme Court in the Howey case and adopted by our Supreme Court in the *Market Centers* case, both supra, is not adequate to meet the ever increasing flood of "franchise" systems which are being sold across the country, and that the test of an "investment contract" should be expanded to include the consideration of whether the franchisee's money is being used as risk capital by the franchisor. However, we are bound by the ruling in *Market Centers* that where the contract promises no return to the franchisee except in connection with his own efforts, the contract is not a "security" within the meaning of the Securities Act. See also *Goldsmith v. American Food Services, Inc.,* 123 Ga. App. 353, supra.

*Judgment affirmed. Pannell and Stolz, JJ., concur.*
ARGUED FEBRUARY 13, 1973 — DECIDED MARCH 7, 1973.

*Weltner, Kidd & Crumbley, R. Alex Crumbley,* for appellant.
*Rolader, Barham, Davis, Graham & McEvoy, D. W. Rolader,* for appellee.