### 58013. BATES v. CHEVRON U. S. A., INC.

UNDERWOOD, Judge.

Chevron instituted a dispossessory proceeding in the Superior Court of Fulton County in an effort to gain possession from Bates of a service station in Roswell, Georgia. Bates, who had been Chevron's lessee and dealer contended that the Federal Petroleum Marketing Practices Act (hereafter "the Federal Act") 15 USC § 2801 et seq. has preempted the state law under which Chevron was attempting to proceed and that the Fulton County Superior Court had no jurisdiction in the matter. Chevron filed a motion for judgment on the pleadings which, after hearing, was granted and a writ of possession was issued. Bates appealed, and we affirm.

In 1973 Bates leased the service station premises from Chevron for a period of five years with the expiration date of the lease being August 31, 1978. Bates and Chevron were parties to a separate supply contract which expired on the same date. In July of 1978 Chevron offered to Bates a new lease with an increased rental rate and a new supply contract. Bates did not execute either of the new agreements tendered to him apparently rejecting the lease because of the increased rental rate. He then filed an action in the United States District Court for the Northern District of Georgia alleging violations of the Sherman and Clayton Acts and seeking injunctive relief.

In an order dated December 15, 1978 the United States District Court for the Northern District of Georgia made extensive findings of fact concerning the relationship of Chevron and Bates upon the expiration of the lease and supply contract and denied Bates' request for injunctive relief.

Chevron then filed a dispossessory affidavit in the Superior Court of Fulton County where Bates contended that the dispossessory remedy provided by state law was not available to Chevron due to its preemption in these circumstances by the Federal Act. A review of the Federal Act discloses that it has drastically affected the legal

relationships of petroleum companies and their dealers, however, it may not be invoked by Bates in the circumstances present here as a defense to a dispossessory proceeding under Code Ann. § 61-301 which provides, in pertinent part, that: "In all cases where a tenant shall hold possession of lands . . . over and beyond the term for which the same were . . . leased to him, . . . and the owner of the lands . . . shall desire possession of the same, such owner may . . . demand the possession of the property so . . . leased . . . and if the tenant shall refuse . . . to deliver possession when so demanded, the owner . . . may go before the judge of the superior court . . . and make oath to the facts."

The enforcement provisions of the Federal Act (§ 2805) provide in pertinent part: "(a) [i]f a franchisor fails to comply with the requirements of Section 2802 or 2803 [dealing with franchise relationships, termination, non-renewals, etc.] of this title, the franchisee may maintain a civil action against such franchisor. Such action may be brought, without regard to the amount in controversy, in the district court of the United States in any judicial district in which the principal place of business of such franchisor is located or in which such franchisee is doing business . . . (b) (1) [i]n any action under subsection (a) of this section the court shall grant such equitable relief as the court determines is necessary to remedy the effects of any failure to comply with the requirements of section 2802 or 2803 of this title, including declaratory judgment, mandatory or prohibitive injunctive relief, and interim equitable relief."

We are unable to determine from the record whether Bates in his proceeding in federal court fully asserted his position with respect to the protections which he contends the Federal Act affords him as a dealer. If he did so with the result that the requested injunctive relief was denied, then his present posture in this proceeding is an attempt to obtain in state court a remedy under federal legislation which a federal court declined to extend to him. If he has not fully pursued in federal court the protections of the Federal Act, the proper way to invoke those protections is the manner prescribed in the

enforcement provisions of the Act. Under the facts of this case we find the Federal Act does not preempt Code Ann. § 61-301 et seq. and we will not disturb the trial court's granting Chevron's motion for judgment on the pleadings.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED JUNE 14, 1979 — DECIDED SEPTEMBER 7, 1979 — REHEARING DENIED SEPTEMBER 27, 1979 —

*David R. Wininger,* for appellant.
*John G. Parker, Jule W. Felton, Jr.,* for appellee.