59724. WALTERS v. CHEVRON U. S. A., INC.

CARLEY, Judge.

Chevron filed a dispossessory affidavit alleging that its tenant, Walters, was in illegal and unlawful possession of a certain service station in that said tenant was holding over beyond the terms of the lease. In his answer Walters admitted that the lease had expired and had not been renewed. Walters raised by way of defense the "preemption" of Ga. Code Ann. § 61-301 et seq. by the Petroleum Marketing Practices Act (PMPA), 15 USCA, § 2801 et seq., and contended that the lease could not be terminated except on the grounds set forth in the federal act, conditions which Walters alleged had not been met by Chevron. Chevron moved for summary judgment and offered in support thereof a certified copy of an order entered by the United States District Court of the Northern District of Georgia denying Walter's motion for injunctive relief against Chevron under the PMPA. Chevron's motion for summary judgment was granted. Walters appeals.

The argument advanced on appeal attacking the grant of summary judgment has been previously rejected. "If [Walters] has not fully pursued in federal court the protections of the Federal Act, the proper way to invoke those protections is the manner prescribed in the enforcement provisions of the Act. Under the facts of this case we find the Federal Act does not preempt Code Ann. § 61-301 et seq. and we will not disturb the trial court's granting Chevron's motion for [summary judgment]." *Bates v. Chevron U. S. A., Inc.,* 151 Ga. App 544, 545 (260 SE2d 367) (1979). The "preemption" provision of the PMPA, 15 USCA, § 2806, prohibiting states from enforcing "any provision of any law" which differs from the federal act, applies to state laws which govern petroleum franchises, such as Code Ann. § 106-1101 et seq. Cf. *Ted's Tire Service, Inc. v. Chevron U. S. A., Inc.,* 470 F Supp. 163 (D. C. Conn. 1979). It does not "preempt" Code Ann. § 61-301 et seq. so as to make the grounds for a civil action against the franchisor under the PMPA into a defense for a tenant holding over against whom a dispossessory proceeding is instituted. It was not error to grant Chevron's motion for summary

judgment. *Brown v. Brown,* 121 Ga. App. 88, 89 (3) (172 SE2d 875) (1970).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED APRIL 9, 1980 — DECIDED
MAY 15, 1980.

*David R. Wininger,* for appellant.
*John G. Parker, Jule W. Felton, Jr.,* for appellee.