### 73525. WESTERN BROADCASTING OF AUGUSTA, INC. v. WRIGHT.
(356 SE2d 53)

BENHAM, Judge.

Appellee, an attorney, was indicted and tried for conspiring to aid a client in evading payment of federal income tax. During the trial, after the prosecution had rested and appellee's motions for mistrial had been denied, appellant broadcast a news report that appellee had been found guilty. In fact, he had not and was eventually acquitted of the charges against him. A jury trial of his subsequent defamation action against appellant resulted in a verdict in his favor of $25,000. In this appeal from the judgment entered on that verdict,

appellant asserts three reasons its motion for directed verdict should have been granted. We affirm.

1. First, appellant urges that appellee is a "limited purpose public figure" who must prove actual malice by appellant before recovering for defamation. However, the record does not support that contention. Appellee's participation in this matter was limited to his role as a defendant in a federal criminal prosecution. He never availed himself of opportunities to present his case informally through the news media and he did not make use of whatever notoriety was thrust on him by that prosecution to influence any public issue. Under the standard set out in *Gertz v. Robert Welch, Inc.*, 418 U. S. 323 (94 SC 2997, 41 LE2d 789) (1974), and refined in *Time, Inc. v. Firestone*, 424 U. S. 448 (96 SC 958, 47 LE2d 154) (1976), and *Wolston v. Reader's Digest Assn.*, 443 U. S. 157 (99 SC 2701, 61 LE2d 450) (1979), appellee did not become a public figure by thrusting himself into the forefront of a public controversy in order to influence the resolution of the issues involved. Appellant was not, therefore, entitled to a directed verdict on that ground.

2. In its second enumeration of error, appellant contends that it was entitled to a directed verdict because the broadcast was protected by a conditional privilege which is not lost so long as it is "exercised in good faith and without malice." *WSAV-TV v. Baxter*, 119 Ga. App. 185 (2) (166 SE2d 416) (1969). However, the statutory privilege referred to by this court in that case is one which protects "[f]air and honest reports of the proceedings of legislative or judicial bodies." OCGA § 51-5-7 (4). This court has interpreted that privilege to require that the report be accurate. *McCracken v. Gainesville Tribune*, 146 Ga. App. 274 (3) (246 SE2d 360) (1978). Appellant's report of appellee's conviction cannot be considered to be accurate or even "substantially accurate" (see *Morton v. Stewart*, 153 Ga. App. 636 (2b) (266 SE2d 230) (1980)) so as to bring it within the protection of the privilege. There was no error in denying appellant's motion for a directed verdict on that ground.

3. Finally, appellant argues that the damages sought by appellee are not compensable because of the U. S. Supreme Court's ruling in *Gertz*, supra at 349, that "the States may not permit recovery of presumed . . . damages, at least when liability is not based on a showing of knowledge of falsity or reckless disregard for the truth." However, we note that the Court went on to hold that "actual injury is not limited to out-of-pocket loss. Indeed, the more customary types of actual harm inflicted by defamatory falsehood include impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering." Id. at 350. Those were the damages sought by appellee and they were neither forbidden by *Gertz*, nor by Georgia law. See *Melton v. Bow*, 241 Ga. 629 (247 SE2d 100) (1978);

*Fuqua Television v. Fleming*, 134 Ga. App. 731 (3) (215 SE2d 694) (1975). Appellant was not entitled to a directed verdict on this ground, either.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED MARCH 17, 1987 —
REHEARING DENIED MARCH 30, 1987 — 

*David E. Hudson*, for appellant.
*Mitchel P. House, Edward S. Sell III*, for appellee.