54966. GOODMAN et al. v. ST. JOSEPH'S
INFIRMARY, INC.

ARGUED JANUARY 3, 1978 — DECIDED JANUARY 26, 1978.

616

*Darryl R. Vandeford,* for appellants.
*Swift, Currie, McGhee & Hiers, Arthur H. Glasser, W. Wray Eckl, William A. Moncrief,* for appellee.

Deen, Presiding Judge.
The rule applicable in malpractice cases against physicians (Code § 84-924: that they must bring to the exercise of their profession a reasonable degree of care and skill) applies equally to an action brought against a hospital where technical questions are involved and expert testimony by medical witnesses is offered. *Steverson v. Hospital Authority,* 129 Ga. App. 510, 513

(199 SE2d 881). See to the same effect *Hill v. Hospital Authority,* 137 Ga. App. 633, 639 (224 SE2d 739), which holds further that mere proof of negative results "neither establishes nor supports an inference of lack of proper care, skill or diligence on the part of the employees of the hospital." Under ordinary rules of respondeat superior the hospital is liable for the negligence of nurses, orderlies and other employees in the performance of mere administrative or clerical duties "which, though constituting a part of the patient's prescribed medical treatment, do not require the application of specialized technique or the understanding of a skilled physician or surgeon and which are not performed under the direct supervision of the attending physician." *Porter v. Patterson,* 107 Ga. App. 64 (1) (129 SE2d 70). A third type of negligence which may be alleged and proved against a hospital is lack of due care in the selection of an unskilled physician or surgeon as an employee or member of its staff, or it may be proved that although such person was carefully selected, hospital authorities undertook to direct him in a negligent manner as to the treatment of a hospital patient. *Clary v. Hospital Authority,* 106 Ga. App. 134 (1) (126 SE2d 470). It is obvious from an examination of the counterclaim, interrogatories and answers, motion for summary judgment and response, that the defendants here have completely failed to supply more than general allegations and conclusions regarding negligent conduct on the part of the infirmary. They have failed to indicate which possible theory of negligence they are proceeding on or what facts may exist to support the theory chosen. "Code Ann. § 81A-156 (e) provides that when a motion for summary judgment is made and supported by evidence outside the pleadings, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. *Summer-Minter & Assoc. v. Giordano.* 231 Ga. 601 (203 SE2d 173) (1974); *Crutcher v. Crawford Land Co.,* 220 Ga. 298 (138 SE2d 580) (1964); Ga. L. 1966, pp. 609, 634 . . . The purpose of the Summary Judgment Act, as we have

interpreted it, would be defeated if a party opposing a motion for summary judgment was permitted to defeat the motion by suggesting so vague a defense as to prevent the movant or the court from ascertaining the theory behind the defense. One opposing the motion must present the essence of his case or else suffer judgment against him." *Meade v. Heimanson,* 239 Ga. 177, 178, 180 (236 SE2d 357).

"In a negligence case, presented on motion for summary judgment by a defendant charged with negligence, the trial judge must determine: (1) the defendant's duty to the plaintiff and the risks that fall within the scope of that duty, and (2) the sufficiency of the evidence to raise an issue of fact." *Carden v. Ga. Power Co.,* 231 Ga. 456 (202 SE2d 55). The appellants here have not identified a single factual situation which would authorize a recovery in their behalf, in view of their failure to rebut the affidavit and contracts of Mrs. Goodman's physicians showing that they were not employees or agents of the hospital, and their failure to raise an inference from any other state of facts which might constitute actionable negligence. "Once the motion is supported by evidentiary matter showing a prima facie right in the movant to have judgment rendered in its favor, the duty is placed upon the opposing party to show the existence of a genuine issue of fact." *Goldsmith v. American Food Services,* 123 Ga. App. 353, 354 (181 SE2d 95). Mere conclusory allegations that negligence exists will not suffice. *Resolute Ins. Co. v. Norbo Trading Co.,* 118 Ga. App. 737, 741 (165 SE2d 441); *Davis v. Haupt Bros. Gas Co.,* 131 Ga. App. 628 (206 SE2d 598).

The trial court properly sustained the plaintiff's motion for summary judgment as to the counterclaim.

*Judgment affirmed. Smith and Banke, JJ., concur.*