## 35632. SELF v. EXECUTIVE COMMITTEE OF THE GEORGIA BAPTIST CONVENTION OF GEORGIA, INC.

BOWLES, Justice.

Certiorari was granted to review the Court of Appeals' decision in *Self v. Executive Committee of the Ga. Baptist Convention of Ga., Inc.,* 151 Ga. App. 298 (259 SE2d 695) (1979). After careful consideration, we find that the rule set forth in *Howard v. Walker,* 242 Ga. 406 (249 SE2d 45) (1978), was incorrectly applied to the facts in this case. Accordingly, we reverse the Court of Appeals, and hold that the trial court erred in granting summary judgment to the defendant.

To briefly review the facts, plaintiff's husband was a patient at the defendant Georgia Baptist Hospital. Mr. Self was admitted suffering from acute leukemia. On the day of his death Mr. Self went to the bathroom where he allegedly slipped and fell. Plaintiff sued the hospital alleging that the fall was the result of the hospital's negligence in failing to properly repair a leaking bathroom fixture of which the hospital had notice. The fall was alleged to have contributed to the patient's death.

The hospital filed a motion for summary judgment supported by a deposition of the physician who performed an autopsy on the deceased. The deposition stated that there was no causal connection between Mr. Self's fall and his death, and that the fall could not have accelerated his death. The death certificate prepared by another physician attributed Mr. Self's death to internal cerebral hemorrhage due to acute leukemia.

The trial court granted summary judgment based upon *Howard v. Walker,* supra, which held, "in those cases where the plaintiff must produce an expert's opinion in order to prevail at trial, when the defendant produces an expert's opinion in his favor on motion for summary judgement and the plaintiff fails to produce a contrary expert opinion in opposition to that motion, then there is no genuine issue to be tried by the jury and it is not error to grant summary judgment to the defendant." The Court of Appeals affirmed.

*Howard v. Walker,* supra, was a legal malpractice

case in which summary judgment was granted against the plaintiff for his failure to rebut expert legal testimony submitted by the defendant. In malpractice actions against professionals, it is essential to the plaintiff's cause of action that competent evidence be presented as to the reasonableness and skill of the practitioner's conduct. Except in clear and palpable cases, expert testimony is necessary to establish the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice. *Hughes v. Malone,* 146 Ga. App. 341 (247 SE2d 107) (1978). See Dorf v. Relles, 355 F2d 488 (7th Cir. 1966).

In the case now under consideration, the cause of action is not based upon professional malpractice, but on a simple negligence theory against a hospital. There is no requirement that expert testimony must be produced by a plaintiff to a negligence action in order to prevail at trial. The weight given to expert testimony in such cases is for the trier of fact who is not required to give it controlling influence. This is the rule in cases where medical experts testify based on personal observation and examination as to cause of death. 31 AmJur2d 752, Expert and Opinion Evidence, § 185.

Therefore, *Howard v. Walker,* supra, is not applicable in this case where medical expert testimony would not be required in order for plaintiff to prevail at trial. Accordingly, we reverse the Court of Appeals, and send the case back to the trial court.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 14, 1980 — DECIDED APRIL 8, 1980.

*Roy E. Barnes, Gregory C. Chastain,* for appellant. *Daryll Love, Anthony L. Cochran,* for appellee.