## 59459. LAWRENCE v. GARDNER.

CARLEY, Judge.

Appellant-plaintiff appeals from the grant of summary judgment to the defendant doctor-appellee in a medical malpractice action. Plaintiff sought recovery against the defendant on the basis of the defendant's alleged failure to exercise the skill and care generally used by members of the medical profession in connection with defendant's performance of a hysterectomy on plaintiff. Plaintiff alleged that the surgery itself was negligently performed, that the defendant failed to diagnose and treat complications occurring subsequent to and because of the surgery, and that the surgery was unnecessary. Specifically plaintiff contends that defendant's negligence resulted in a very serious rectovaginal fistula discovered subsequent to the performance of the surgery. The defendant doctor moved for summary judgment asserting that no genuine issue of material fact existed and that defendant was entitled to judgment as a matter of law. The defendant relied upon the entire record in the case including his deposition and the

depositions of three other licensed physicians. These depositions of the other physicians were taken during the discovery period on behalf of the defendant.

In his deposition testimony the defendant denied that he was negligent in any way or that he failed to exercise the requisite skill and care in his treatment of plaintiff. The defendant further testified that during the surgery he had not nicked, cut, clamped or in any manner traumatized the rectum of appellant. It was the defendant's contention that the fistula did not occur during the surgery. The deposition testimony of the three nonparty doctors deals in detail with the procedures utilized and the possible causation of the rectovaginal fistula. Though not couched in specific language of absolution, the testimony on direct examination of the three nonparty doctors generally was favorable to defendant in that all of these physicians indicated that it is *possible* for a rectovaginal fistula to occur without medical negligence.

However, the cross examination of each of these physicians resulted in what appellant contends was sufficient equivocation to make a jury issue as to the attainment of the proper standard of care: Dr. James B. Taylor — from whom plaintiff-appellant had sought a second opinion prior to undergoing the surgery — stated that while he would not say that the doctor did not attain the proper standard of care, he could not say that he *did* attain the proper standard of care. Dr. Taylor further testified that upon his examination of the plaintiff after surgery he observed a lesion of the rectal wall which he felt "could have been related to the surgery." Dr. Taylor also stated that, in his opinion, the fistula could have been caused by a clamp or suture near the rectal wall. In response to the question: "It is also possible, is it not [for a rectovaginal fistula] to be caused by improper surgical technique?" Dr. Talmadge Bowden replied, "Sure." Dr. Edward Talledo testified that it would be possible for the causing of a rectovaginal fistula in the performance of a vaginal hysterectomy to be *some evidence of the lack of exercise of a reasonable degree of proficiency.* However, Dr. Talledo stated that here he did not know enough of the "details of the surgery" to give a specific opinion in this case.

Appellee relies upon *Howard v. Walker,* 242 Ga. 406, 408 (249 SE2d 45) (1978), holding that "in those cases where the plaintiff must produce an expert's opinion in order to prevail at trial, when the defendant produces an expert's opinion in his favor on motion for summary judgment and the plaintiff fails to produce a contrary expert opinion in opposition to that motion, then there is no genuine issue to be tried by the jury and it is not error to grant summary judgment to the defendant." Clearly, plaintiff in this case could not

prevail at a jury trial by relying solely upon her own or other lay testimony and in order for plaintiff to withstand a motion for directed verdict at trial, there must be expert evidence from which a jury could find that the defendant failed to use the requisite care, skill and diligence. *Shea v. Phillips,* 213 Ga. 269 (98 SE2d 552) (1957). Here there was expert testimony elicited on cross examination of Drs. Taylor, Bowden and Talledo which was not inconsistent with plaintiff's contention that defendant failed to exercise the requisite professional care, skill and diligence. "Summary judgments should only be granted where, construing *all* inferences against the movant, it yet appears without dispute that the case can have but a single outcome." (Emphasis supplied.) *Chatmon v. Church's Fried Chicken,* 133 Ga. App. 326, 327 (211 SE2d 2) (1974). "To entitle the defendant to a summary judgment the undisputed facts as disclosed by the pleadings and evidence must negate at least one essential element entitling plaintiff to recovery and *under every theory fairly drawn from the pleadings and evidence* [(Cits.)] and if necessary, prove the negative or nonexistence of an essential element affirmatively asserted by the plaintiff. [Cits.] And until movant has made a prima facie showing by evidence which demands a finding in his favor as to the particular matter, there is no duty upon the opposing party to produce rebuttal evidence. [Cits.]" *Henderson v. Atlanta Transit Sys.,* 133 Ga. App. 354, 356 (210 SE2d 845) (1974). In this case, we are unable to conclude that the defendant has carried the onerous burden imposed upon a movant for summary judgment.

Had the record on summary judgment included only the defendant's self exculpatory deposition without the testimony of the other physicians, the failure of appellant to offer expert testimony would have authorized the grant of summary judgment in favor of defendant. *Payne v. Golden,* 245 Ga. 784 (1980); *Parker v. Knight,* 245 Ga. 782 (1980). However, we do not read *Howard v. Walker,* supra, as authority for the proposition that simply because the defendant is *initially* responsible for the production of certain expert witnesses, the defendant is entitled to summary judgment when the experts relied upon by the defendant *also* offer expert testimony which a jury could find supports plaintiff's allegations of medical negligence. Although none of the nonparty physicians specifically opined that the defendant here was negligent, such explicit conclusory pronouncements out of the mouths of those clothed with the mantle of evidentiary expertise are not essential. "While the witnesses in the present case did not testify using the words 'the defendant was guilty of malpractice' the testimony given was sufficient to authorize the jury to find that the defendant had in fact failed to use 'due care, skill and diligence' in treating the plaintiff.

Accordingly, the trial court erred in [granting summary judgment] for the defendant . . . " *Wilson v. Kornegay*, 108 Ga. App. 318, 321 (132 SE2d 791) (1963).

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED FEBRUARY 14, 1980 — DECIDED MAY 8, 1980.

*Harry J. Altman*, for appellant.
*William U. Norwood*, for appellee.