62822. LINDSEY v. CENTRAL ANESTHESIA ASSOCIATES, P. C.

SOGNIER, Judge.
Lindsey was hospitalized and underwent surgery for a dilation and curettage. During the surgery, anesthesia was administered by two employees of Central Anesthesia Associates. When Lindsey awoke after surgery, she discovered that her right front tooth was loose. She subsequently learned that the tooth was broken and had it extracted. Lindsey sued Central Anesthesia Associates alleging negligence in the administration of the anesthesia. Central Anesthesia Associates' motion for summary judgment was granted. Lindsey appeals.

Appellant contends that the trial court erred in granting appellee's motion for summary judgment because after consideration of all the evidence presented questions of material fact remain. Lindsey testified on deposition that she was given a general anesthetic and that she did not know how her tooth was broken after she was rendered unconscious. Appellant stated that it was her belief that her tooth was broken when appellee's employee pried her mouth open to insert a plastic airway tube designed to facilitate appellant's breathing during surgery. Lindsey received a letter from appellee

following the surgery wherein appellee stated "despite our best efforts at preventive care, the tooth was inadvertently broken during the procedure."

Appellee denied any negligence on the part of its employees and in the aforementioned letter stated: "None of the personnel involved were careless or negligent in any way. As I explained to you previously, this is a risk that one must accept when undergoing general anesthesia." By affidavit appellee's expert stated "that such damage is a possible and known risk of the procedure due to the gritting of the patient's teeth when awakening from the effect of the anesthetic. Such damage would not in any way or manner indicate that any person or persons were negligent in the care and treatment rendered to Ms. Lindsey."

Appellant argues that appellee's statement in the letter is inconsistent with the expert's opinion and raises questions of fact to be resolved by a jury. While there appears to be a discrepancy as to exactly when and how appellant's tooth was broken, it is undisputed that the incident occurred as a result of the anesthetic procedure and at some time while she was unconscious.

On summary judgment, appellee introduced expert testimony that appellee's employees had at all times during the procedure exercised that degree of skill and care required of physicians, anesthesiologists and anesthetists in performing such procedures. Appellant introduced no expert testimony which would controvert appellee's expert's affidavit. Under the circumstances, we are constrained to hold that this is not such a case where actionable negligence clearly appears from the evidence, *Shea v. Phillips,* 213 Ga. 269, 271 (98 SE2d 552) (1957), since, according to appellee's expert, damage to a patient's tooth is a possible and known risk of a general anesthetic procedure. Because appellant failed to produce a contrary expert opinion in response to appellee's motion for summary judgment, the trial court was correct in granting appellee's motion. *Parker v. Knight,* 245 Ga. 782 (267 SE2d 222) (1980); *Howard v. Walker,* 242 Ga. 406 (249 SE2d 45) (1978).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 9, 1982.

*John F. Sweet,* for appellant.

*D. Lake Rumsey, Edgar H. Sims, Jr., John R. Lowery,* for appellee.