## 63957. JONES v. MYERS.

DEEN, Presiding Judge.

The appellant filed a medical malpractice action against Dr. Myers, her physician, who recommended removal of her gall bladder to cure certain gastrointestinal symptoms including nausea, vomiting, abdominal and stomach pain, and intestinal and bladder spasms. The gall bladder was removed by a surgeon after consultation. Plaintiff alleges that no abnormality was identified therein, although this is contradicted in the defendant's medical affidavits. Plaintiff also alleges that following the operation her symptoms continued until she went to another physician for treatment. She seeks damages for the alleged improper removal of the gall bladder.

The defendant moved for summary judgment, based on affidavits by himself and the surgeon performing the operation. Plaintiff offered the affidavit of a medical witness who had examined the record to the effect that in his expert opinion the medical diagnosis of cholecystitis (inflammation of the gall bladder) was improper and negligently performed and "departed from generally accepted standards ordinarily employed by the medical profession"; that the diagnosis was incomplete and the surgery unnecessary. This affidavit was challenged as being of a conclusory nature and a supplemental affidavit was submitted by its author naming five specific medical tests and other studies which were not performed and the omission of which the affiant swore based on his personal knowledge constituted a violation of generally acceptable medical standards.

The trial court granted the defendant's motion for summary judgment. We must reluctantly reverse, since it is obvious that there is a contradiction of diagnostic views expressed in these affidavits from which it is impossible for this court to determine as a matter of law whether the diagnosis and treatment administered comports with the standards of care and skill ordinarily employed by the profession generally. Given the well recognized fact that medicine is an inexact science, it is not unusual to find contradictions such as here exist as to the amount of care and skill employed in a given medical treatment. Although there is a presumption that a physician exercises his craft in the medical field in a skillful manner and that the fact that the treatment was unavailing raises no presumption to the contrary, so that the burden is on a litigant to prove negligence or suffer a directed verdict against her (*Slack v. Moorhead,* 152 Ga. App. 68 (262 SE2d 186) (1979)) the presumptions in favor of the person opposing a motion for summary judgment are such that at this stage

of the proceedings the motion must be denied. See *Sullivan v. Henry,* 160 Ga. App. 791 (287 SE2d 652) (1982). Although as a general rule juries may accept or reject expert opinion evidence, where expert opinion evidence of a defendant's negligence is essential to the plaintiff's case, as it is in most medical malpractice cases, the same rule applies at the summary judgment stage of the case as a motion for directed verdict. *Payne v. Golden,* 245 Ga. 784 (267 SE2d 211) (1980). It obviously follows that where the case must turn on the question of which expert medical opinion is to be believed, and the defendant offers an affidavit in his own behalf (see *Parker v. Knight,* 245 Ga. 782 (267 SE2d 222) (1980)) this, when controverted by an expert medical opinion offered by the plaintiff, presents a jury question, provided the case turns on an uncontested statement of fact and the decision must be negligence *vel non* under the facts given. It would seem that in such instances motion for summary judgment would be largely unavailing.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED MAY 11, 1982.

*William Schneider,* for appellant.
*W. Howard Fowler, J. Michael McGarity,* for appellee.