64210. TERRELL et al. v. WEST PACES FERRY HOSPITAL, INC. et al.

BANKE, Judge.

This is an appeal from a summary judgment for the defendants in a medical malpractice action. Two of the defendants are physicians, and the third is the hospital where the plaintiff underwent a series of operations. The first of these operations involved the removal of part of his duodenum. Following this surgery, the suture lines across the duodenal stump began to leak, discharging intestinal material into the plaintiff's abdomen. Several more operations were subsequently required for the purpose of preventing further leakage, irrigating the abdomen, draining a series of abdominal abscesses which formed as a result of the leakage, and correcting other complications. In his amended complaint, the plaintiff contends that the defendant physicians were negligent in the performance of the original surgery, in failing immediately to detect the leakage from the duodenal stump, in failing to remove completely and properly the intestinal material which leaked into his abdomen, and in using faulty suturing material. The claim against the hospital is apparently based on its role in providing the allegedly defective suturing material.

The defendant physicians denied the allegations of negligence and filed affidavits stating that at all times they had exercised that degree of care, skill, and diligence prevalent in the medical profession generally. They further stated that "the leaking duodenal suture line and the abscesses are known complications of the surgical procedures performed in [the plaintiff's] case and occur despite the exercise of the utmost care and skill by the surgeon performing the operation." The trial court's decision to grant summary judgment was apparently based on the plaintiff's failure to produce contrary medical testimony in support of his claims of negligence. *Held:*

1. Where the defendant in a medical malpractice suit introduces his own affidavit as an expert witness in support of his motion for summary judgment, and the plaintiff fails to oppose the affidavit by introducing contrary expert opinion evidence, the defendant is entitled to judgment in his favor, provided that

actionable negligence does not appear so clearly from the evidence of record that expert testimony is unnecessary to establish a *prima facie* case. See *Parker v. Knight,* 245 Ga. 782 (267 SE2d 222) (1980); *Payne v. Golden,* 245 Ga. 784 (267 SE2d 211) (1980). See also *Howard v. Walker,* 242 Ga. 406 (249 SE2d 45) (1978).

The plaintiff contends that such evidence exists in this case because the record shows without dispute that the leak which developed in the suture line was three centimeters in length, that this was the length of certain wire staples used in addition to the sutures, and that some wire material was found in the cut-off portion of the duodenum. However, the physician who performed the duodenum surgery gave an explanation for the presence of the wire in the removed tissue and further testified that the suture line was intact at the time he closed the plaintiff's abdomen. Under these circumstances, we cannot conclude that actionable negligence appears clearly from the record and that expert opinion evidence is unnecessary to prove the plaintiff's case. We must similarly reject the plaintiff's contention that a *prima facie* case is created by the doctrine of *res ipsa loquitur.* See generally *Hill v. Hospital Auth. of Clarke County,* 137 Ga. App. 633, 640 (8) (224 SE2d 739) (1976); *Young v. Yarn,* 136 Ga. App. 737, 739 (222 SE2d 113) (1975); *Hayes v. Brown,* 108 Ga. App. 360, 366 (133 SE2d 102) (1963).

2. Although the plaintiff does not allege in his brief any ground upon which the hospital could be held liable, his theory appears to be that the hospital was negligent in providing the physicians with defective sutures. However, the physician who applied the sutures stated in a supplemental affidavit that they were of good quality and in no way defective. In the absence of any evidence rebutting this testimony, the trial court was correct in concluding that no material issue of fact existed as to the hospital's liability.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 16, 1982 —
REHEARING DENIED JULY 1, 1982 — ▮

*Platon P. Constantinides,* for appellants.
*Hunter S. Allen, Jr., Lorraine D. Hess, W. Ray Eckl, Ross Friend,* for appellees.