## 65512. JACKSON v. GERSHON.

DEEN, Presiding Judge.

Irma Jackson, appellant here, filed a complaint in two counts against Dr. Charles Gershon, appellee, alleging the negligent performance of a cystoscopy and breach of the implied contract to perform skilled professional services. She alleged that as a result of such negligence and breach she was permanently injured, and sought judgment in the amount of $1,525,000. Dr. Gershon moved for summary judgment, and the court found in his favor. Ms. Jackson appeals, assigning as error the granting of defendant's motion for summary judgment.

Appellee, a Board-certified urologist, testified that while he was performing a diagnostic procedure known as a "stone basket" in conjunction with the cystoscopy to which appellant had given written consent, the instrument accidentally punctured her ureter, thereby necessitating abdominal surgery to correct the situation. Obtaining no lasting relief from pain postoperatively, appellant decided after nearly three months to consult another Board-certified urologist, a Dr. Roper, who performed surgery to remove the scar tissue that had formed at the site of the earlier surgical procedure. Appellant testified on deposition that at the time of the trial she still had pain at and around the site of the surgery performed by appellee.

Dr. Gershon testified on deposition as to the rationale that determined his diagnosis and course of treatment. Dr. Roper testified on deposition that, while he himself would have approached the problems in appellant's urinary tract more conservatively than had appellee, Dr. Gershon's treatment fell within the range of accepted medical practice under similar conditions, and that Dr. Gershon had exercised that degree of skill and care expected of the medical profession generally. *Held:*

A cause of action lies against a physician or surgeon who does not bring to the exercise of his profession a reasonable degree of care and skill. OCGA § 51-1-27 (Code Ann. § 84-924). The standard of care and skill fixed by the statute is that which, under like circumstances and in similar conditions, is employed by the medical profession generally. *Summerour v. St. Joseph's Infirmary,* 160 Ga. App. 187, 188 (286 SE2d 508) (1981); *Fain v. Moore,* 155 Ga. App. 209 (270 SE2d 375) (1980). The burden is on the plaintiff to show a violation of this standard and thereby to overcome the presumption that the physician is exercising his skills in the statutorily prescribed manner. *Hawkins v. Greenberg,* 159 Ga. App. 302 (283 SE2d 301) (1981); *Porubiansky v. Emory Univ.,* 156 Ga. App. 602 (275 SE2d 163) (1980); *Slack v. Moorhead,* 152 Ga. App. 68 (262 SE2d 186) (1979). When it is

the defendant who moves for summary judgment, he must affirmatively negate at least one essential element of the plaintiff's case and establish that there remain in the case no genuine issues of material fact. *Shirley v. Bacon,* 154 Ga. App. 203 (267 SE2d 809) (1980); *Lawrence v. Gardner,* 154 Ga. App. 722 (270 SE2d 9) (1980).

In a case such as the one at bar, in which appellant has the burden of proving violation of the standard of care, it is the expert testimony of physicians that is competent "to establish the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice." *Self v. Executive Committee of Ga. Baptist Convention,* 245 Ga. 548 (266 SE2d 168) (1980). In the instant case Dr. Gershon testified as to his own training and experience and as to the degree of care and skill exercised in diagnosing and treating appellant's medical problems. Such testimony qualifies as competent expert testimony in this state. *Payne v. Golden,* 245 Ga. 784 (267 SE2d 211) (1980); *Parker v. Knight,* 245 Ga. 782 (267 SE2d 222) (1980).

When the defendant has produced expert testimony that favors his position, as did Dr. Gershon, then the plaintiff, in order to prevail at trial, must produce a contrary expert opinion. *Parker v. Knight,* supra; *Lawrence v. Gardner,* supra. In this case Dr. Roper's testimony failed to indicate that Dr. Gershon's treatment fell below the statutory standard: rather, it indicated merely that in medical situations like that at issue, the physician's decision is necessarily subjective, in the nature of a judgment call; and that, in addition to the procedures employed by Dr. Gershon, there are alternative measures that might be taken by other competent and similarly qualified urologists. Where there is testimony showing a difference in views or individual practices among doctors, and where it is also shown that each view or practice is acceptable, such evidence is insufficient to support a malpractice action. *Hayes v. Brown,* 108 Ga. App. 360 (133 SE2d 102) (1963); Robertson v. Emory Univ. Hospital, 611 F2d 604 (5th Cir. 1980).

Appellant contends that appellee's statement to her mother regarding the circumstances under which the perforation of the ureter and the subsequent remedial procedures occurred is inconsistent with other statements made by him on the subject, and that this constitutes an admission of failure to comply with the requisite standard of care and skill. Even standing alone, such a statement, if actually made, would not necessarily raise an issue of material fact; and in view of both appellee's own testimony and that of Dr. Roper regarding customary standards of practice in the field of their specialty, the statement falls far short of establishing a violation of the statutory standard. See *Williams v. Ricks,* 152 Ga. App. 555

(263 SE2d 457) (1979); Jones v. Wike, 654 F2d 1129 (5th Cir. 1981).

Appellant's reliance on *Lawrence v. Gardner,* supra, as supporting her contention that Dr. Roper gave expert testimony that appellee failed to exercise the appropriate degree of care is misplaced. As we indicated, supra, Dr. Roper's testimony is readily distinguishable from the expert medical testimony given in *Lawrence v. Gardner.* The fact that appellee's treatment did not result in a cure raises no presumption of want of proper care, skill, or diligence, since a physician or surgeon " '. . . is not an insurer or warrantor that the exercise of his professional judgment will effect a cure of the patient.' *Bryan v. Grace,* 63 Ga. App. 373, 379 (11 SE2d 241)." *Young v. Yarn,* 136 Ga. App. 737, 739 (222 SE2d 113) (1975).

We find that appellee carried his burden on his motion for summary judgment by establishing that there remained no genuine issues of material fact. The trial court did not err in granting the motion.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 2, 1983 —
REHEARING DENIED FEBRUARY 21, 1983 — 

*Carl P. Fredericks,* for appellant.
*George W. Hart, Lawrie E. Demerest,* for appellee.