## 68704. NETTLES et al. v. LAWS et al.
### (322 SE2d 546)

SOGNIER, Judge.

James Allen Nettles filed a complaint against William Laws, M.D., for medical malpractice alleging negligent prescription of narcotics. This appeal follows the trial court's grant of summary judgment to Laws.

Appellant contends that the trial court erred by ruling that appellee's motion for summary judgment was unrefuted by expert testimony. Appellee supported his motion with his own affidavit as an expert stating that in treating and in ordering prescriptions for appellant he had "exercised the required degree of care, skill, diligence, and learning ordinarily possessed and exercised under similar circumstances by members of the medical profession and most particularly by physicians practicing in internal medicine." Appellee's affidavit was sufficient to establish grounds for summary judgment unless appellant refuted his testimony by an expert opinion that appellee's treatment was not reasonable under the circumstances. *Hardinger v. Park*, 159 Ga. App. 729 (285 SE2d 212) (1981); *Gragg v. Spenser*, 159 Ga. App. 525, 526 (284 SE2d 40) (1981).

To avoid summary judgment a plaintiff in a malpractice action must counter the affidavit of a defendant's expert with a contrary expert opinion. *Jackson v. Gershon*, 251 Ga. 577, 578 (308 SE2d 164) (1983). Appellant countered appellee's affidavit with the affidavit of a Dr. Vaughn, who stated that based on his review of certain records, he was of the opinion that appellant had failed to exercise the appropriate degree of care. The "records" reviewed by Dr. Vaughn referred to a deposition and exhibits purportedly taken in another civil action. These materials were not filed in this case, there was no stipulation permitting the materials to be used in this case, nor were the materials attached to Dr. Vaughn's affidavit. "An affidavit need not attach material upon which it is based if that material is part of the record in the case and is before the trial court, provided that the affidavit clearly identifies the record matter upon which it is based." *Jones v. Rodzewicz*, 165 Ga. App. 635, 637 (4) (302 SE2d 402) (1983); *Hughey v. Emory Univ.*, 168 Ga. App. 239, 240 (308 SE2d 558) (1983). However, since the affidavit offered by appellant was based solely on information not part of the record in this case, the trial court correctly found that the affidavit had no probative value in response to the motion for summary judgment. See OCGA § 9-11-56 (e); *Jones*, supra at 636-37; *Hayes v. Murray*, 252 Ga. 529 (314 SE2d 885) (1984).

Therefore, as appellant failed to submit the expert testimony essential in a medical malpractice action to counter appellee's affidavit, and the record evidence does not raise a genuine issue of material fact, the trial court did not err by granting summary judgment. *Childs v. Christmas*, 171 Ga. App. 756 (320 SE2d 629) (1984).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 25, 1984.

*Irwin M. Ellerin*, for appellants.
*William H. Pinson, Jr., William P. Franklin, Jr., Lee C. Mundell, Wallace E. Harrell*, for appellees.