70041, 70042. FRANKLIN v. ELMER et al.; and vice versa.
(332 SE2d 314)

POPE, Judge.

Medical malpractice. Plaintiff Wilson P. Franklin brought this action against defendants Richard A. Elmer, M. D., and Diagnostic Radiology and Ultrasound, P. C. Plaintiff alleged that a radiologic (or X-ray) technician employee of defendants negligently perforated his rectum during the course of inserting an enema tube (or catheter) prior to defendant Elmer's performance of a barium enema procedure. He also alleged that defendants were further negligent in failing to diagnose the perforation and render prompt medical care and treatment to him. Defendants moved for summary judgment and, following a hearing on the matter, the trial court granted the motion as to the alleged negligent insertion of the enema tube but denied the motion as to the alleged negligent failure to diagnose and treat plaintiff's injury. In Case No. 70041 plaintiff appeals the grant of partial summary judgment to defendants, and in Case No. 70042 defendants cross-appeal the denial of the remainder of their motion for summary judgment.

*Case No. 70041*

1. Plaintiff assigns error to the trial court's holding that expert medical testimony was required in order to show negligence in the insertion of the enema tube. He argues that his affidavit was sufficient to create a question of fact as to this issue.

In support of summary judgment defendants submitted the affidavit of defendant Elmer who averred: "The examination, care and treatment rendered by me and by Diagnostic Radiology and Ultrasound, P. C. was in accordance with standard procedures utilized by

the medical profession generally under similar conditions and like surrounding circumstances. It is common to have a technician perform duties similar to those performed by [the technician] in the instant case. Further, it is quite common for a patient to experience discomfort, and even extreme discomfort during the process of a barium enema study. A perforation of the lower colon, while not common, is a risk associated with the procedure described above, and such a perforation can and does occur even in the exercise of ordinary care. In all of the examination, care and treatment rendered by myself and by Diagnostic Radiology and Ultrasound, P. C. to Mr. Franklin, we possessed and exercised that degree of care and skill exercised by the medical profession generally under similar conditions and like surrounding circumstances." This affidavit was based on Elmer's personal knowledge of the procedures utilized by him in performing the subject barium enema study on plaintiff and his review of the deposition of the technician as to her participation in the study.

In countering defendants' affidavit plaintiff submitted his own affidavit in which he stated that in 1956 he underwent surgery for cancer of the colon which resulted in a partial resection of his colon. Since that time he has undergone annual physical examinations which have included barium enemas. Prior to the subject barium enema study, he had never experienced any appreciable pain or discomfort associated with such studies. The functioning of his bowels has been impeded since the 1956 surgery, and as a result he has been required to give himself a cleansing enema on virtually a daily basis. He estimates that he has given himself over 6,000 such enemas since 1956 and states that he is accustomed to the feeling of a tube in his rectum for enema purposes. On the basis of this experience, he avers that he is familiar with the feeling which he should experience during a properly administered enema procedure. Plaintiff concluded: "Based upon my experience in administering enemas to myself and my experience in having received barium enemas for over twenty-five years, it is my opinion that the enema tube was improperly inserted by the technician."

"In malpractice actions against professionals, it is essential to the plaintiff's cause of action that competent evidence be presented as to the reasonableness and skill of the practitioner's conduct. Except in clear and palpable cases, expert testimony is necessary to establish the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice. [Cits.]" *Self v. Executive Committee &c.*, 245 Ga. 548, 549 (266 SE2d 168) (1980); *Shea v. Phillips*, 213 Ga. 269 (2) (98 SE2d 552) (1957). Even when a defendant professional moves for summary judgment solely on the basis of his own affidavit submitted in his capacity as an expert that he was not negligent, a plaintiff must also produce an expert's opinion that

the defendant was negligent in order to avoid the grant of summary judgment in favor of the defendant. *Payne v. Golden*, 245 Ga. 784 (267 SE2d 211) (1980). Conceding the efficacy of this general rule, plaintiff argues that the procedure in this case is clearly not one performed exclusively by physicians, and, thus, a person other than a physician could testify as to the standard of care if the procedure is within the realm of that person's training and/or experience. See, e.g., *McCormick v. Avret*, 154 Ga. App. 178 (267 SE2d 759) (1980). This point is well taken, for the insertion of an enema tube in preparation for the physician's performance of the barium enema study is a procedure commonly performed by one not a physician, such as in this case a radiologic technician. See generally OCGA § 43-34-26 (b) (9).

Plaintiff does not contend, and the record on appeal does not support the proposition, that the case at bar is one of those exceedingly rare cases in which expert opinion testimony of some kind is not required to·support a jury verdict of negligence on the part of the physician. Compare *Killingsworth v. Poon*, 167 Ga. App. 653 (307 SE2d 123) (1983), with *Dobbs v. Cobb E. N. T. Assoc.*, 165 Ga. App. 238 (3) (299 SE2d 141) (1983), and *Lindsey v. Central Anesthesia Assoc.*, 161 Ga. App. 214 (288 SE2d 292) (1982). Rather, he argues that his experience in this procedure qualifies him to offer expert testimony in this case. While we are impressed with plaintiff's experience as the recipient of numerous enema tube insertions performed by himself and by others, we need not resolve the issue of whether this experience qualifies him to offer an opinion as to the applicable standard of care to be exercised by one inserting an enema tube into another. Even assuming for the sake of argument that plaintiff is qualified to render such an opinion, the trial court did not err in granting defendants' motion for summary judgment as to this issue. Defendants' affidavit in support of their motion for summary judgment set forth a prima facie case for the grant of said motion. See *Nettles v. Laws*, 172 Ga. App. 241 (322 SE2d 546) (1984). That is, defendants established that it is common practice for a technician, rather than a physician, to insert an enema tube into a patient in preparation for a barium enema study; that patient discomfort, even extreme discomfort, is common during such a procedure; that a perforation of the lower colon, while not common, is a known risk associated with this procedure which can occur even in the exercise of ordinary care; and that defendants exercised the appropriate degree of care in this case. Plaintiff was thus required to set forth specific facts showing that there was a genuine issue for trial as to this issue. See *Meade v. Heimanson*, 239 Ga. 177, 180 (236 SE2d 357) (1977). This he failed to do. Plaintiff's affidavit offered only the bare conclusion that defendants were negligent; he cited no facts to support his conclusion, and our review of the record discloses no factual basis for his

conclusion. That is, plaintiff asserted that because he suffered severe pain and a rectal perforation as the result of the insertion of the enema tube in this case, defendants must have been negligent. It is a well settled principle of negligence law that the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence. *Hill v. Hospital Auth. &c.*, 137 Ga. App. 633 (4) (224 SE2d 739) (1976). Applying this principle to medical malpractice cases, this court has held that defendants in such cases are not insurers, and an unintended result does not raise even an inference of negligence. " 'The fact that treatment has resulted unfavorably does not raise even a presumption of want of proper care, skill or diligence.' " Id. at 639. See *Terrell v. West Paces Ferry Hosp.*, 162 Ga. App. 783 (1) (292 SE2d 433) (1982); *Goodman v. St. Joseph's Infirmary*, 144 Ga. App. 614, 617 (241 SE2d 487) (1978). Thus, in light of plaintiff's failure to rebut defendants' prima facie showing of non-negligence by providing any particulars in which he believed the defendants were negligent in inserting the enema tube, the trial court's entry of summary judgment in favor of defendants as to this issue was proper. *Hutcheson v. McGoogan*, 162 Ga. App. 657 (292 SE2d 527) (1982); *Goodman v. St. Joseph's Infirmary*, supra. Cf. *Hayes v. Murray*, 252 Ga. 529 (314 SE2d 885) (1984); *Jackson v. Gershon*, 251 Ga. 577 (308 SE2d 164) (1983). See generally *Curtis v. J. L. Todd Auction Co.*, 159 Ga. App. 863 (285 SE2d 596) (1981); *Hart v. Trust Co. of Columbus*, 154 Ga. App. 329 (268 SE2d 384) (1980).

2. Plaintiff contends that to hold any person engaged in health care (such as the radiologic technician in this case) to the same standard of care as that of a physician by requiring him (i.e., plaintiff) to produce contrary expert testimony of a physician in a case such as this, where the medical procedure may be performed by one other than a physician, operates to violate his constitutional rights to due process and equal protection. We find no merit in this argument. A physician is certainly qualified to render an opinion as to the appropriate standard of care to be utilized in inserting an enema tube into a patient's rectum. So, too, is anyone else who by training and/or experience is shown to be qualified in this procedure. See Division 1, supra. This enumeration of error presents no ground for reversal. See generally *Howard v. Atlanta Cardio Pulmonary Assn.*, 171 Ga. App. 889 (321 SE2d 370) (1984).

*Case No. 70042*

3. Defendants in their cross-appeal enumerate as error the trial court's denial of their motion for summary judgment as to plaintiff's allegation of negligence in failing to diagnose and treat his injury. They argue that plaintiff has failed to present evidence upon which a

jury could find a causal connection between defendants' alleged negligence and plaintiff's subsequent emergency surgery and colostomy performed some twelve hours after the subject barium enema study. Suffice it to say that as to this issue there was expert testimony which was not inconsistent with plaintiff's contention that defendants failed to exercise the requisite professional care, skill and diligence under the circumstances in this case and that defendants' failure in this regard resulted in a surgical procedure which could possibly have been avoided by prompt diagnosis and treatment with antibiotics. " 'Summary judgments should only be granted where, construing *all* inferences against the movant, it yet appears without dispute that the case can have but a single outcome.' (Emphasis supplied.) [Cit.]" *Lawrence v. Gardner*, 154 Ga. App. 722, 724 (270 SE2d 9) (1980). Based on the facts of record in this case, the trial court properly denied defendants' motion for summary judgment as to this issue. See, e.g., *Jackson v. Gershon*, supra; *Jones v. Myers*, 162 Ga. App. 319 (291 SE2d 394) (1982); *Gragg v. Spenser*, 159 Ga. App. 525 (284 SE2d 40) (1981); *Lawrence v. Gardner*, supra.

*Judgment affirmed in Case No. 70041. Deen, P. J., concurs and concurs specially. Beasley, J., concurs specially. Judgment affirmed in Case No. 70042. Deen, P. J., and Beasley, J., concur.*

DEEN, Presiding Judge, concurring specially.

While concurring fully with the majority opinion that, even assuming the appellant qualified as a medical expert in this case, the appellant's affidavit was insufficient to rebut that of the defendant appellee, I also reject the appellant's contention that he was an expert. Six thousand enemas, of course, is a staggering number of enemas. This averages out to about one enema every other day over a span of almost 30 years, or half of a lifetime. To challenge the expertise of someone who has given himself that many enemas would perhaps invoke a merited or invited response of "chutzpah." *Williams v. State*, 126 Ga. App. 350 (190 SE2d 785) (1972).

Few may hesitate to consider the appellant an expert with regard to his knowledge and experience of self induced enema techniques, but the standard of care and evidence of that standard must be more general than the appellant's personal familiarity and success with the enema procedure imposed only on himself. The appellant may have administered 6,000 enemas on himself, but the defendant's technician had given approximately 3,000 enemas on different individuals. In this malpractice case, it is such multi-rectal experience or training that qualifies one as an expert competent to testify about the standard of care for that procedure generally and any breach of that standard.

BEASLEY, Judge, concurring specially.

I concur in the judgment in case number 70041, and I concur fully as to case number 70042.

The issue here revolves around the identification of the legal duty in this case and whether there was a breach thereof. The legal duty is the standard of care required of the defendant in the activity which caused injury. The plaintiff in this professional malpractice case presented no evidence to counter defendants' evidence that the degree of care and skill exercised by the medical profession generally under similar conditions and like surrounding circumstances was comported with on this occasion. He testified that based on his vast experience, it is his opinion that the tube was "improperly" inserted. Obviously it was improper as a matter of fact, because the colon was perforated. But that does not mean that it was improper as a matter of *law*. There is no evidence that a legal duty was breached. Plaintiff produced no evidence to show that the standard of care was higher than exercised by defendants or that the treatment he was given fell below the standard asserted by defendants.

"[T]he presumption is that the medical or surgical services were performed in an ordinarily skilful manner, and the burden is on the one receiving the services to show a want of due care, skill, and diligence. [cits.] . . . [T]he proof required to overcome such presumption of care, skill, and diligence is that given by physicians or surgeons as expert witnesses [cits.]," except where actionable negligence, or the lack of negligence, clearly appears from nonexpert testimony. *Shea v. Phillips*, 213 Ga. 269 (2) (98 SE2d 552) (1957); *Berman v. Rubin*, 138 Ga. App. 849, 853 (227 SE2d 802) (1976). The idea is that the professional expert's performance is to be judged against that of his peers. *Shea*, supra at 271. Thus, "except in clear and palpable cases . . . , expert testimony is necessary to establish the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice." *Berman*, supra at 853. Plaintiff is not a medical professional. He cannot, and indeed he did not even attempt to, establish the profession's parameters. Thus he cannot say that there is an issue as to whether these parameters were exceeded.

DECIDED MAY 10, 1985 —
REHEARING DENIED MAY 23, 1985.

*George E. Duncan, Jr.*, for appellant.
*Lawrie E. Demorest*, for appellees.