## 70912. PENNA v. CELAYA.
(335 SE2d 734)

DEEN, Presiding Judge.

Appellee Celaya, a Board-certified urologist, performed a minor surgical procedure upon appellant Penna, who had been referred to him by the latter's physician in connection with apparently severe pain associated with a disorder of the lower genito-urinary tract. Celaya testified by deposition that, except for his prescribing for Penna a greater quantity of pain-killing drugs than required by the average patient who had undergone the same surgical procedure, Penna's post-operative progress was normal in every respect. Aware that Penna had a low threshold of pain, Celaya, following his usual practice, dismissed him on the day following the surgery (a Saturday) with instructions on how to care for the surgical wound, coupled with the admonition that a certain amount of pain was to be expected for a short period post-operatively.

During the afternoon following Penna's dismissal at approximately noon, Celaya received at his home four telephone calls from either Penna or his fiancée, stating that appellant was experiencing severe pain, nausea, and vomiting. Penna testified by deposition that he repeated the instructions and admonitions given at the time of dismissal, and ultimately told Penna that if the discomfort became too great, he should go to the emergency room of the hospital from which he had been dismissed earlier in the day. At nearly midnight Celaya received a telephone call from a physician in the emergency room of a different hospital, to which Penna had reported. The physician stated to Celaya that Penna's right ureter had apparently been perforated. There is conflicting evidence as to whether the second physician requested that Celaya come to the hospital to attend Penna; it is undisputed that Celaya did not go and that he never again saw Penna except for one brief encounter. Penna subsequently consulted another Board-certified urologist, a Dr. Mannes.

Penna filed a malpractice action against Dr. Celaya, alleging negligent performance of the surgery and wilful and knowing abandonment of his treatment. Celaya answered, denying the allegations of the complaint, and moved for summary judgment. Depositions and affidavits of Dr. Celaya and Dr. Mannes, and of appellant as well, were taken in connection with this motion. Appellant subsequently dismissed the complaint without prejudice and refiled it within the statutory period.

The refiled complaint set forth essentially the same allegations as had the original, but at greater length and in two separate counts. Appellee again moved for summary judgment, and the trial court granted the motion as to the first count (negligence in performing the surgery) but found "a material question of fact concerning the allega-

tions of Count II, . . . dealing with the issue of abandonment." On appeal Penna enumerates as error the award of summary judgment on Count I, contending that there remain genuine issues of material fact on that count, as well as on Count II. *Held*:

"To avoid summary judgment a plaintiff in a malpractice action must counter the affidavit of a defendant's expert with a contrary expert opinion. *Jackson v. Gershon*, 251 Ga. 577, 578 (308 SE2d 164) (1983)." *Nettles v. Laws*, 172 Ga. App. 241, 242 (322 SE2d 546) (1984). Although Penna presented the affidavit and deposition of Dr. Mannes in opposition to those of Dr. Celaya, scrutiny of the record reveals that the content of neither was such as affirmatively to counter the testimony of affiant/deponent Celaya with respect to Count I. Dr. Mannes stated that in his opinion Dr. Celaya's conduct with regard to the post-operative phase — i.e., the "abandonment" issue — fell below the standard of care and skill ordinarily exercised in like circumstances by members of the medical profession. With respect to Count I, however, Mannes expressly stated that he found no fault with the operation itself. Thus appellant did not succeed in meeting his burden with respect to Count I of his complaint, and the trial court correctly granted summary judgment on that count.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 3, 1985.

*Howell A. Hall, Frank J. Beltran, William H. Buckley*, for appellant.

*Arnold E. Gardner, Benjamin S. Williams*, for appellee.