### 77895. JORDAN v. SMOOT et al.
(380 SE2d 714)

BENHAM, Judge.

Appellant Jordan and appellee Smoot, while driving their respective automobiles, were involved in a collision on March 12, 1987. Appellant's negligence action against Smoot culminated in a jury trial in which the trial court granted Smoot's motion for a directed verdict. This appeal is from the judgment entered thereon.

Appellant's case consisted of her testimony and that of the responding police officer, pictures of her damaged car, and her medical bill. Through her testimony, appellant established that she was involved in a collision with appellee; that later that same day she experienced pain and visited a chiropractor; that she continued to have pain from the back of her head through her neck and shoulders; that the chiropractic treatments gave her relief; that she stopped seeing the chiropractor four months after the collision; and that she had suffered from some backaches prior to the collision but had not been under medical care. Pursuant to OCGA § 24-7-9, appellant identified the medical bills for her chiropractic treatment from March 12 through July 20, 1987, totaling $2,245. Appellant then rested.

The trial court, relying on the holding in *Eberhart v. Morris Brown College*, 181 Ga. App. 516 (352 SE2d 832) (1987), granted Smoot's motion for directed verdict on the ground that appellant had failed to prove a prima facie personal injury case because she had not introduced expert medical testimony to establish a relationship between the automobile collision that served as the basis of her complaint, and the injuries for which she was treated.

1. In *Eberhart*, this court affirmed the trial court's grant of a directed verdict for the defendant/appellee on the ground that Eberhart had failed to prove through expert medical testimony a causal connection between the football injury he had sustained during his 1979-1982 collegiate football career and the physical condition which underlay the medical expenses he incurred several years later in 1985. We held that whether Eberhart's physical condition in 1985 was caused by the injury he had received while playing collegiate football in 1979-1982 was " ' "not one of those matters which jurors must be

credited with knowing by reason of common knowledge." [Cits.]' " Id. at 518.

The case at bar is factually distinguishable from *Eberhart*. There was in *Eberhart*, at minimum, a three-year period between the football injury and the physical condition for which Eberhart sought compensation. In the case before us, appellant sustained an injury on March 12 and sought compensation for the physical condition in which she found herself on that date. A causal connection, requiring expert medical testimony, must be established where the "potential continuance of a disease" is at issue. Id. However, where, as here, there is no significant lapse of time between the injury sustained and the onset of the physical condition for which the injured party seeks compensation, and the injury sustained is a matter which jurors must be credited with knowing by reason of common knowledge, expert medical testimony is not required in order for a plaintiff to establish a personal injury case sufficient to withstand a defendant's motion for directed verdict.

2. Inasmuch as the judgment must be reversed, we need not address appellant's remaining enumerations of error.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 3, 1989 —
REHEARING DENIED MARCH 28, 1989 —

*Johnnie C. Wages*, for appellant.
*Michael L. Wetzel*, for appellees.