A90A0530. MADDEN v. SOLOMON et al.
(396 SE2d 245)

COOPER, Judge.

Appellees ("Mr. and Mrs. Solomon") brought an action to recover for damages incurred as a result of a collision between an automobile driven by Mrs. Solomon and an automobile driven by appellant. Appellant having admitted liability, a trial was had on the issue of damages, and the jury returned a verdict in favor of appellees.

Mrs. Solomon testified at trial that on January 1, 1988 she was involved in an automobile accident with appellant. Approximately two hours after she returned home, she began to experience pain in her neck and went to the emergency room, where she was given medication. Over the next couple of days, she had pain in her neck, arms and shoulders and tingling in her hands and feet. Mrs. Solomon went to her family doctor who gave her medication and a collar for her neck. After being treated by her family doctor twice she went to physical therapy for two weeks. Over the next several months, Mrs. Solomon saw at least four doctors because of her injuries. She was referred to Dr. Norman Smith and upon his recommendation, Mrs. Solomon was hospitalized in July 1988, for a myelogram. In August 1988, Dr. Smith hospitalized Mrs. Solomon for neck surgery, and three weeks later, when she began having more problems, another doctor hospitalized her. Pursuant to OCGA § 24-7-9, Mrs. Solomon identified numerous bills for medical expenses and testified that they were all related to the injury she sustained in the collision with appellant. She also testified that prior to the collision she had not had any problems with her neck or back.

1. Appellant first enumerates as error the trial court's denial of his motion for directed verdict. He argues that there was no medical testimony showing that Mrs. Solomon's hospitalizations of July 1988, August 1988 and September 1988 were caused by the accident on January 1, 1988. Appellant relies on *Eberhart v. Morris Brown College,* 181 Ga. App. 516 (352 SE2d 832) (1987). In *Eberhart,* the school agreed to be responsible for all medical expenses related to injuries received by Eberhart while playing football for the school. Several years after he ceased being a student, Eberhart sued the school for medical expenses incurred in 1985, contending they were related to injuries he received while playing football between 1979 and 1982. We affirmed the trial court's grant of a directed verdict to the defendant on the ground that appellant had failed to prove through medical tes-

timony a causal connection between his injury and medical expenses he incurred several years later. The case sub judice is factually distinguishable from *Eberhart*. Mrs. Solomon's uncontradicted testimony establishes a course of treatment for her injuries beginning a few hours after the collision and continuing for over one year, with no significant lapses of time in which she did not receive treatment. The jury could have determined, without expert testimony, that the expenses incurred were related to the injuries sustained in the collision. *Jordan v. Smoot*, 191 Ga. App. 74, 75 (380 SE2d 714) (1989) (cert. denied, Ga. Supreme Court Case No. 46968, May 4, 1989).

2. Appellant enumerates as error the trial court's admission of (1) testimony of Mrs. Solomon's chiropractor as to his diagnosis based on a thermogram, (2) testimony as to the results of the thermogram and (3) photographs of the thermogram performed on Mrs. Solomon. Dr. James Gaudet, a chiropractor, testified that prior to trial Mrs. Solomon came to him for an independent examination and that he took her medical history, performed an examination and ordered a thermogram, which was performed by another chiropractor. Dr. Gaudet also testified that he has studied thermography and described it as a non-invasive diagnostic procedure which detects heat emission from the skin; that he knows about the procedures for conducting thermograms and has done them on occasions; and, over objection, that the diagnosis and findings were consistent with his diagnosis and findings based on the history he took from Mrs. Solomon and his physical examination of her. We find no error with the trial court's admission of the testimony or the photographs of the thermogram. " 'The question of whether a witness is qualified to give his opinion as an expert is one for the court. (Cit.) His determination will not be disturbed except that it be manifestly abused.' [Cits.]" *City of Fairburn v. Cook*, 188 Ga. App. 58 (10) (372 SE2d 245) (1988). Appellant argues that thermography is outside the permissible scope of chiropractic practice, therefore, Dr. Gaudet's testimony about thermography was improper. We disagree. The question of whether thermography, as a non-invasive diagnostic procedure, is within the scope of chiropractic services authorized under OCGA § 43-9-1 (2) and § 43-9-16 does not affect the admissibility of the evidence. The trial judge was authorized to find that Dr. Gaudet was qualified as an expert in thermography based on his training and experience. See *Franklin v. Elmer*, 174 Ga. App. 839 (2) (332 SE2d 314) (1985); *Atlanta Car For Hire Assn. v. Whited*, 179 Ga. App. 893 (6) (348 SE2d 102) (1986). Furthermore, even if the admission of the evidence was error, no harm occurred because the evidence was cumulative in that it merely confirmed the diagnosis made by Dr. Gaudet on the basis of the history and examination of Mrs. Solomon.

3. The trial court charged the jury that the plaintiff could recover

if she had a pre-existing condition which was aggravated by the accident. Appellant cross-examined Mrs. Solomon's orthopedic doctor about the possibility that her herniated disk was a pre-existing condition brought about by a long term aging process. "To justify a charge on a given subject, it is not necessary there should be overwhelming evidence going to that point, it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it. [Cit.]" *Sapp v. Johnson*, 184 Ga. App. 603 (2) (362 SE2d 82) (1987). The testimony elicited from the orthopedic doctor, when considered with all the evidence, raises an inference sufficient to justify the charge, and we find no error with the charge of the trial court on this issue.

*Judgment affirmed. Banke, P. J., concurs. Birdsong, J., concurs in judgment only.*

DECIDED JUNE 8, 1990 —
REHEARING DENIED JULY 25, 1990.

*Jones, Cork & Miller, Jerry A. Lumley*, for appellant.
*Walter J. Lane, Jr.*, for appellees.